14775

STATE v. ORRS

(199 S. E., 865)

*Messrs. John S. Sikes, J. C. Long* and *Arthur Ritten-berg,* for appellant,

*Messrs. Randolph Murdaugh, Solicitor* and *H. Klugh Purdy,* for respondent,

November 28, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant was convicted in the Court of General Sessions for obtaining property, of the value of Thirty Dollars, by false pretenses.

When the indictment was found, he moved to quash it on the ground that the jury which found it was drawn from a jury box containing ballots which did not resemble each other, in violation of Section 609, Code, 1932. The motion to quash was refused.

Thereupon the defendant moved to quash the venire and panel of the petit jury on the same ground which motion was refused.

The defendant was then put on trial, and was convicted. A motion for new trial was made on the same grounds as these included in the motions to quash. This motion was refused and sentenced was passed. The appeal to the Court followed.

The ground upon which the trial Judge refused the motions to quash the grand and petit juries was that the variance from the requirements of Section 609 was an immaterial irregularity which did not warrant the quashing of the indictment and of the venire and panel of the petit jury.

Was the Court in error in so holding? This question is stated in detail in the several exceptions, but it is really the only question in the case.

The provision of Section 609 of the Code which the appellant claims is violated in this case is contained in the following words: "Of the list so prepared, the county auditor, county treasurer and clerk of the Court of Common Pleas shall cause the names to be written, each one on a

separate paper or ballot, so as to resemble each other as much as possible and so folded that the name written thereon shall not be visible on the outside,   *   *   * "

The appellant introduced testimony to show that one type of ballot consisted of white paper with one vertical red line on the end of it. Another consisted of a slip of paper with more than one vertical red line across the end of it. Another ballot consisted of a white slip of paper with a horizontal blue ruled line on both sides of it, with one red vertical line across the end of it on both sides of it. Another consisted of a white slip of paper with a horizontal blue ruled line on both sides of it, with more than one red vertical line across the end of it on both sides of it.

A specimen of each such ballot was introduced in evidence and is attached to the Transcript of Record.

The tickets or ballots were properly folded and the names were not discernible from the outside.

There was other testimony by Mr. Sauls, the County Auditor, who prepared the tickets. It appears that the slips of paper on which the tickets were written were of the same length and width and were folded alike and were made from the same paper, and that the drawing was regular and legal.

Counsel for appellant announced: "We do not charge any fraud, directly or inferentially."

It will be observed that Section 609 does not require that the ballots or tickets shall be exactly alike, but that they shall resemble each other as much as possible. The tickets in question were all on white paper, and all from the same sort of paper, on which there were certain ruled lines, some blue, some red. In cutting this paper some of the ballots have blue lines and some red lines; some of the lines were vertical and some horizontal.

We venture to think that to discover these lines one must have been scanning the ballots with the purpose and intent to find some defect which would enable him to challenge the array of jurors. Even so, with all these lines discovered, he

4

had no inkling, even of the names on the inside of the ballots.

We agree with the Circuit Judge that the exceptions pertain to irregularities which would not justify quashing the indictment and the venire and panel of jurors.

This conclusion is amply sustained by numerous authorities.

Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.